# United States District Court
## Southern District of Florida
### WEST PALM BEACH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | Case Number: 07-60279 CR |
| EDWARD CORDON | USM Number: 72953-004 |

Counsel For Defendant: Randee Golder
Counsel For The United States: Laurence Bardfeld
Court Reporter: Official Reporting Services-Victoria

The defendant pleaded guilty to Count(s) 8 of the Indictment.
The defendant is adjudicated guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1347 and 2 | Health Care Fraud | 1/11/2005 | Eight |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) one is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
3/7/2008

DONALD M. MIDDLEBROOKS
United States District Judge

March 12, 2008

DEFENDANT: EDWARD CORDON
CASE NUMBER: 07-60279 CR

# PROBATION

The defendant is hereby sentenced to probation for a term of **1 YEAR**.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1.      the defendant shall not leave the judicial district without the permission of the court or probation officer;
2.      the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3.      the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.      the defendant shall support his or her dependents and meet other family responsibilities;
5.      the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.      the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7.      the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.      the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.      the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10.     the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11.     the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12.     the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13.     as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

DEFENDANT: EDWARD CORDON
CASE NUMBER: 07-60279 CR

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional condition(s) of probation:

Health Care Business Restriction: The defendant shall not own, directly or indirectly, or be employed, directly or indirectly, in any health care business or service, which submits claims to any private or government insurance company, without the Court's approval.

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

DEFENDANT: EDWARD CORDON
CASE NUMBER: 07-60279 CR

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $0.00 | $860.40 |

Restitution with Probation -
It is further ordered that the defendant shall pay restitution in the amount of $ 860.40.   Upon commencement of supervision, the defendant shall pay restitution at the rate of 10% of monthly gross income until such time as the Court may alter that payment schedule in the interests of justice.   These payments do not preclude the government from using any other anticipated or unexpected financial gains, assets or income of the defendant to satisfy the restitution obligations.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: EDWARD CORDON
CASE NUMBER: 07-60279 CR

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A. Lump sum payment of **$100.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **301 N. MIAMI AVENUE, ROOM 150**
    **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

    Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

Co- defendants Blanca Cordon, Leandro Nunez, 07-60279-CR-Middlebrooks, $860.40

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.